OPINION
{¶ 1} Ronnie D. Mosley appeals from his conviction and sentence in the Montgomery County Common Pleas Court on one count of attempted abduction. In his sole assignment of error, Mosley contends the trial court erred in finding him guilty, following a no contest plea, because "the facts do not support [his] conviction on that charge."
 {¶ 2} The record reflects that the State initially indicted Mosley on one count of gross sexual imposition. The State agreed to dismiss the indictment, however, in exchange for Mosley's plea of no contest to a bill of information charging him with one count of attempted abduction. The trial court later held a hearing and accepted Mosley's no contest plea to the bill of information, and the State dismissed the indictment. The trial court then sentenced Mosley to five years of community control. Mosley filed a timely notice of appeal, advancing the assignment of error set forth above.
 {¶ 3} In his assignment of error, Mosley appears to make three arguments. First, he contends that the allegations in the bill of information were insufficient to support a charge of attempted abduction. Second, he asserts that the trial court erred in finding him guilty because the prosecutor failed to recite the facts underlying the offense. Third, he suggests that the bill of information represents an improper amendment of the indictment.
 {¶ 4} For the reasons fully set forth in the appellee's brief, we find each of the foregoing arguments to be unpersuasive. With regard to the first argument, the State properly notes that a bill of information is sufficient when it is written in the words of the statute describing the charged offense. See R.C. 2941.05; Crim.R. 7(B). In the present case, the bill of information meets this requirement. With regard to Mosley's second argument, a trial court need not obtain a statement of the facts before entering a finding of guilty on a no contest plea in a felony case. State v. Lowe (March 24, 1995), Miami App. Nos. 93-CA-54, 93-CA-55; State v. Wooldridge (Oct. 6, 2000), Montgomery App. No. 18086. Finally, with regard to the third argument, the prosecutor did not amend
the indictment. Rather, the record reflects that the State dismissed the indictment for gross sexual imposition and proceeded by filing a separate bill of information charging attempted abduction. In any event, even assuming arguendo that the State had amended the indictment, we have recognized that a defendant waives any objection to the amendment when it is the result of plea negotiations such as those that occurred in the present case. See State v. Bobo (May 13, 1993), Greene App. No. 92-CA-51 at *9.
 {¶ 5} Based on the reasoning and citation of authority set forth above, we hereby overrule Mosley's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.